UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

**Gilbert M. Martinez**
                *Plaintiff,*
   Vs.
**Hon. Madelyn J. Fudeman in her
Individual and official capacity
City of Reading Property
Maintenance Division,
Reading Area Water Authority**

                *Defendant,*      **<u>JURY TRIAL DEMAND</u>**

Plaintiff Gilbert M. Martinez, by and through proceeding Pro-se as a right against the captioned defendants, alleges upon knowledge as to his own facts and upon information and belief as to all other matters.

## <u>PRELIMINARY STATEMENT</u>

This is a civil action seeking injunction relief, monetary relief, including past and ongoing economic loss, compensatory and punitive damages, disbursements, costs and fees for violations of rights, brought pursuant to title VII of the Civil Rights Act of 1964 (as amended) 42 USC 2000e 42 USC 1981, 1983, 18 USC 241,242 First, Second, Fourth, Fifth, Seventh, Eight and Fourteenth amendments.

## <u>JURISDICTION</u>

This court's jurisdiction is invoked pursuant to 53 PaC.S.A.§ 5607 Municipal Authorities Act, 53 P.S.§ 3102 Water Service Act, 73 P.S § 201 Unfair Trade Act, and the Supremacy Clause Article VI Section II of the United States Constitution because the defendants are persons acting under color of law within the meaning of 1983.

1

Said acts were done in consent and condonation of the United States Federal Government and Madelyn J. Fudeman in her individual and official Capacity.

**STATEMENT OF CLAIM**

1. Insofar as relevant to this Civil action Plaintiff alleges that the defendants acted recklessly, knowingly, and wantonly in concert with each other and others conspiring to deprive plaintiff of civil liberties subjecting him to civil crimes and human right abuses.

2. Specifically plaintiff alleges that defendant RAWA acted acting individually and in conspiracy with the Reading Property Maintenance to harass and demean plaintiff trough unlawful water turn offs in a paramount attack to drain plaintiff financially. Said acts were done in a continuing violation of Plaintiff's rights as secured by the Constitution and the exercise of such rights to freedom of speech and the right to sue as a citizen of the United States.

3. On or about October 2013 plaintiff via telephone contacted RAWA after noticing an increase in his water bill. The defendant offered to change the meter and when plaintiff rejected the offer the defendant insisted that plaintiff give them access to change their meter by threat and intimidation of terminating plaintiffs water service.

4. Defendant's gave plaintiff a five day termination notice of water services for non-compliance on 10/8/2013.

5. The defendant then charged plaintiff 112 dollars for the turn-off and doubled the fee for the turn-off falsely alleging they found plaintiffs water running three days later.

6. The defendant then send the Maintenance Property Division inspector to plaintiffs home which condemned plaintiffs home and ordered plaintiff to vacate the premises, thus demanding 150 d0llars to remove the sticker from plaintiffs door. Subsequently summonsing plaintiff to court in an further attempt to unlawfully take plaintiff for fines nearing six hundred dollars for having no running water on two separate occasions.

7. On or about March of 2014 the defendant continued to harass plaintiff for turn-off fees, increasing said turnoff fees to 345 dollars and send plaintiff a (10) ten day notice to turn off.

8. On March 28 2014 the defendant received timely payment in the amount of 268 dollars to avoid turn-off as directed by them and the defendant deliberately terminated plaintiffs water service, thus leaving plaintiff with no running water for a period of approximately eight months. Subsequently continued to charge plaintiff water consumption charges and a monthly service fee of Forty Five (45)dollars with no running water to the home.

9. The defendant after removing and replacing their water meter refused to calibrate the meter upon plaintiffs request to cover-up all overpaid water consumption charges, and their attorney Micheal Setley trumped up bogus charges nearing 1,300 dollars. The City of Reading then fraudulently placed lien on plaintiffs home for trash collection charges that were paid to them.

10. Plaintiff further alleges that Defendant Hon. Madelyn Fudeman acting individually and in conspiracy under the insubordination of the Federal Government Conspired with defendants to defraud plaintiff.

Defendant acting as a state judge with defendants worked a denial of plaintiffs Constitutional rights. Acting under color of law Hon. Fudeman having actual knowledge of the fraud upon plaintiff failed and refused to protect plaintiff.

After being forced to live without water for eight months defendant judge forced plaintiff to pay an excessive collateral of Five Hundred Dollars to restore water services, having actual knowledge of plaintiffs IFP status.

11 On about April 2014 defendant to increase the cost of litigation with intent to cover-up defendants fraudulent acts, entered an order forcing plaintiff to arbitrate.

12. Said acts were taken in a malicious attempt to cover up defendants fraud with the intent to deprive plaintiff of a public trial violating the Federal Arbitration act.

13. Arbitration was thereafter canceled so that plaintiff would not follow through with an appeal, thereto plaintiff motioned for a scheduling order, defendant again in a malicious cover-up ordered arbitration.

14. Said acts were taken with deliberate intent to delay and prolonging the case from reaching the merits.

15. On or about January 2016 , plaintiff noticed that Met-Ed a former defendant(case no. 1:12-cv-06262 had been overcharging plaintiff for rates of consumption charges and under paying PCAP rates as contracted by the Public Utility Commission.

16. Plaintiff filed a informal complaint with Met-Ed, defendants again began to harass plaintiff through unlawful turn-offs, thus demanding access to plaintiffs home to change their meter that was not in need to be changed and without authorization of State law, thus defendant again terminated plaintiffs water services and charged plaintiff with unlawful turn off fees.

17. On 3/4/12016 plaintiff filed and informal complaint in compliance with state laws and defendant without resolving the complaint terminated water services violating unauthorized termination for Public Utilities and Winter Termination Procedures.

18. On or about 3/4/2016 plaintiff also filed an order to show cause the court before the proposed termination of water services and the court failed/or refused to sign a order for purposes of depriving plaintiff to a hearing on grounds of statutory violations of law.

19. On or about 3/12/2016 plaintiff appearing on Emergency motion before Defendant Hon. Fudeman which deprived plaintiff a right to a Evidentiary hearing, therefore authorized and consented to defendant terminating water services. Defendant also attempted to force plaintiff into a agreement with defendant under duress, she stated " If I grant you a hearing it wouldn't be heard forweeks which would leave you without water until then.

20. Plaintiff was forced to file a second Emergency motion and hearing was held on 3/15/2016. During the hearing defendant by and through coercion to preclude audio recordings as evidence threatened and intimidated plaintiff with an indictment for unlawful wiretaps. Upon information and belief the audio tapes were legally obtained in full accordance with the law.

21. Defendant during the hearing also deprived plaintiffs right to cross examine defendants witness after their attorney introduced fraudulent document as evidence. Defendant Hon. Madelyn Fudeman interrupted the questioning, silencing plaintiff from uncovering their fraud. Defendant abruptly terminated the hearing, depriving plaintiff of a full fair hearing on the grounds, thus forcing plaintiff to remain without water.

22. The following day the Maintenance Property Division placed a sticker on plaintiffs door to vacate the Premises for unlawful turnoffs. Said acts of defendant were done on multiple occasions that defendant unlawfully attempted to oppress plaintiff for fines for having no water running to the home.

## First Count
### In Violation of 42 USC 1983,
### 1st 4th 7th 8th 14th Amendment to the Constitution

23. Plaintiff reiterates paragraphs 1 through 22 as though fully set forth herein.

24. The above stated actions of the defendants were oppressive, criminal, retaliatory, discriminatory practice based on a pattern of harassment with specific intent to injure plaintiff, and therefore the defendants conspired to harm plaintiff.

25. The conduct and actions of the defendants in retaliating against plaintiff and subjecting him to a hostile living environment, culminating in extortion and forcing plaintiff to live without running water were unlawful, oppressive, and a malicious attempt to retaliate against him for exercising his Freedom of speech right and right to Federal Suit.

26. Plaintiff has irreparably been denied the due process of the laws prescribed by the Common Wealth of Pennsylvania and the 14th Amendment to the United states constitution.

27. Defendants actions and treatment against plaintiff were wrongful, abusive and unconscionable based in part or in whole because of plaintiffs race and class in society, therefore has been treated differently from white Citizens.

28. Defendant and each of them conspired to deprive plaintiffs 1st, 2nd 4th, 5th 7, 8th and 14th amendment rights and jointly caused such deprivation of rights by acting in concert in a paramount attack to drain plaintiff for money, for the purposes that are abusive and unconstitutional, therefore each of them acted knowingly with specific intent to oppress and torment plaintiff.

29. Said actions by the defendants deprived plaintiff equal protection under the law based on his race and class in society. All of these rights are guaranteed under 42 USC 1983 and the 14th amendment to the United States Constitution.

30. Each of the defendants separately and in concert acted Outside the scope of their jurisdiction and without authorization of law, with the specific intent to deprive plaintiff of his rights, and therefore conspired to harm plaintiff.

31. By denying plaintiff the due process stated above and allowing the same, the defendants separately and in concert knew or should have known they were violating the laws of the Common Wealth of Pennsylvania, and those statutory and constitutional rights.

32. Acting under color of law defendants worked a denial of plaintiff rights as secured by the constitution. These crimes are against plaintiffs First, Second , Fourth , Fifth , Seventh, Eighth, and Fourteenth amendment rights of the United States Constitution, and constitute a separate violation of 18 USC 241, 242.

33. As a direct and proximate result of defendants said acts, Plaintiff has suffered and continues to suffer fear, anxiety, physical injury, mental anguish, emotional distress, emotional pain and suffering, loss of his usefulness to the public and loss of the enjoyment of life.

34. As a result of defendant's long train of criminal acts plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as well as punitive damages and that plaintiff is entitled to in excess of Five Million(5,000,000.00) dollars.

## Second Count
### In violation to 42 USC 1981

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraph "1 through 34" as though fully set forth herein.

36. The above stated actions of defendants were discriminative, based in whole or in part because of his race and class in society.

37. The above stated actions of the defendants were oppressive, criminal, retaliatory, discriminative practice based on a pattern of harassment with specific intent to injure plaintiff, and therefore the defendants conspired to harm plaintiff.

38. The actions of the defendants in retaliating against

plaintiff for exercising a right to sue were oppressive, and taken with specific intent to intimidate plaintiff from presenting his claims.

39. By allowing the discriminative practice and failing to prevent the misconduct the defendants violated 42 USC 1981 and have denied plaintiff to full end equal rights of the law as white Citizens.

40. Because of plaintiff national origin, race, class in society and opposing and reporting the misconduct and corruption, he has been subjected to abuse and mistreatment as detailed above and has been treated differently from white individuals in Society.

41. Acting under Color of Law defendants worked a denial of Plaintiffs rights in a continuing conspiracy to deprive plaintiff of equal protection of the laws.

40. These crimes are against plaintiffs First, Second , Fourth , Fifth , Seventh, Eighth, and Fourteenth amendment rights of the United States Constitution, and constitute a separate violation of 18 USC 241, 242.

42. As a direct and proximate result of these said acts, Plaintiff has suffered and continues to suffer fear, anxiety, physical injury, mental anguish, emotional distress, emotional pain and suffering, loss of his usefulness to the public and loss of the enjoyment of life.

43. As a result of defendant's long train of criminal acts plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as well as punitive damages and that plaintiff is entitled to in excess of Five Million(5,000,000.00) dollars.

## Third Count
### In violation to 18 USC 241, 242
### Statutory Violation of PaC.S.A.§56.331 § 56.340§ 56.334. § 56.334 § 56.321 § 56.83 § 65.8.

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraph "1 through 43" as though fully set forth herein.

45. PaC.S.A.§56.331 provides, Prior to a termination of service, the utility shall mail or deliver written notice to the customer at least 10 days prior to the date of the proposed termination.

46. On 10 8 2013 the defendant violated this statue only providing plaintiff with (5)day notice to comply with their demand to change the meter. The defendant pursued plaintiff with malicious intent to harass and financially drain plaintiff for shut off fees.

47. Said acts of defendants terminating plaintiffs water on or about March 2014 wantonly violated PaC.S.A.§ 56.83 for Turn-off fees. Defendant terminated service after receiving the demanded payment on March 28 2014.

48. PaC.A.S. § 65.8.(d)(2) provides, A water meter which is removed from service shall be tested within 30 days for accuracy to complete that meter's test history.

49. Said acts of defendant refusing to calibrate the removed meter that was forcibly removed without probable cause was unlawful and a malicious attempt to cover up the fraud committed by defendant in over charging plaintiff for water consumption charges:

§ 56. 321  Provides, Utility service to a dwelling may be terminated for one or more of the following reasons:
    (1) Nonpayment of an undisputed delinquent account. (2) Failure to post a deposit, provide a guarantee or establish credit.  (3)Unreasonable refusal to permit

   access to meters, service connections and other property of the utility for the purpose of <u>maintenance, repair or meter reading</u>. Defendant is in violation to this statue because meter tests and change meter are not enumerated in the statue as giving authorization for termination.

(2) Defendant terminated service on 3/10/2016, which is clearly in violation to § 56.334. which Provides, termination shall be prohibited until resolution of the dispute or complaint.

(3) Defendant violated § 56.340 Winter termination procedures. During the period of December 1 through March 31, utilities subject to this subchapter shall conform to the provisions of this section. The covered utilities may not terminate service between December 1 and March 31 except as provided in this section or § 56.338 (relating to exception for terminations based on occurrences harmful to person or property).

(4) Defendant violated § 56.334. which provides Procedures immediately prior to termination. Termination prohibited in certain cases. If evidence is presented which indicates that payment has been made, a serious illness or medical condition exists, or a dispute or complaint is properly pending or if the employee is authorized to receive payment and payment in full is tendered in any reasonable manner, then termination may not occur. However, if the disputing party does not pay all undisputed portions of the bill, termination may occur.

50. The conduct of judge Fudeman conspiring with defendants to deprive plaintiff of a public trial by forcing plaintiff to arbitrate were taken without jurisdiction or authorization of law , in violation to the Federal Arbitration act and plaintiff's Seventh Amendment right to a jury trial.

43. These crimes are against plaintiffs First, Second , Fourth , Fifth , Seventh, Eighth, and Fourteenth amendment rights of the United States Constitution, and constitute a separate violation of 18 USC 241, 242.

51. As a direct and proximate result of said retaliatory acts, Plaintiff has suffered and continues to suffer fear, anxiety, physical injury, mental anguish, emotional distress, emotional pain and suffering, loss of his usefulness to the public and loss of the enjoyment of life.

52. As a result of defendants long train of criminal acts plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as well as punitive damages and that plaintiff is entitled to in excess of Five Million(5,000,000.00) dollars.

### Relief of Prayer

a. As to the first count in excess of Five Million 5,000,000.00 dollars as well as punitive damages.
b. As to the Second Count in excess of Five Million(5,000,000.00) dollars as well as punitive damages.
c. As to the Third Count in excess of Five Million(5,000,000.00) dollars as well as punitive damages.
d. A declaratory stating that the defendants willfully violated plaintiff's rights secured by State and Federal laws as alleged herein.
e. Injunction Relief: An injunction requiring the defendants to correct all past and current violations of Federal and State law as stated herein.
f. Injunction transferring Civil case no.14-14241 from the Berks County Court of Common Pleas, incorporating it with this case.
g. A Declaratory to enjoin the defendants from continuing to act in violation to Federal and State laws as stated herein; and to order such other injunctive relief as may be appropriate to prevent any further violations of said Federal and state laws.

Dated: March 16, 2916

Respectfully Submitted,

Gilbert M. Martinez
1706 Cotton st.
Reading PA 19606
(484)529-0958