IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILBERT M. MARTINEZ,                           :
                                               :
                    Plaintiff,                 :          CIVIL ACTION NO. 16-1290
                                               :
         v.                                    :
                                               :
CITY OF READING PROPERTY                       :
MAINTENANCE DIVISION,  and                     :
READING AREA WATER AUTHORITY,                  :
                                               :
                    Defendants.                :

## MEMORANDUM OPINION

Smith, J.                                                          March 13, 2018

Currently before the court is a motion by the *pro se* plaintiff seeking to have the court reopen the time for him to file an appeal from a September 29, 2017 order granting summary judgment in favor of the defendants on his causes of action and closing the case, and a November 3, 2017 order which denied his motion for a preliminary injunction filed after this matter had concluded. The plaintiff filed the instant motion to reopen after he had already filed a notice of appeal and received notice from the court of appeals that the court was submitting his appeal to a panel for possible dismissal because it appeared that he untimely filed his notice of appeal. The plaintiff generally claims that he is entitled to relief because the clerk of court failed to timely provide him with notice of the entry of the two orders and copies of the orders until sending them to him on November 9, 2017.

The court will deny the motion to reopen with respect to both orders. Regarding the November 3, 2017 order, the plaintiff may not move to have the court reopen the time to file an appeal because he received notice of the entry of the order within 21 days after the clerk of court entered it on the docket. Nonetheless, even if the court were to consider the plaintiff's request as

a request for an extension of time to file a notice of appeal, the court would deny the motion as premature because the time has not yet expired for him to file a timely appeal from the order. As for the September 29, 2017 order, the plaintiff unfortunately fails to satisfy the requirements for this court to reopen the time to appeal insofar as he failed to file the motion to reopen within 14 days after receiving notice of the order.

## I.   APPLICABLE FACTUAL RECORD AND PROCEDURAL HISTORY

1.    The *pro se* plaintiff, Gilbert M. Martinez ("Martinez"), originally commenced this action on March 18, 2016, by filing an application to proceed *in forma pauperis* and a proposed complaint against the originally named defendants, the Honorable Madelyn J. Fudeman, the City of Reading Property Maintenance Division ("PMD"), and the Reading Area Water Authority ("RAWA"). Doc. No. 1.

2.    Martinez asserted various causes of action in the complaint, including, but not limited to, claims under 42 U.S.C. §§ 1983 and 1981 and the Pennsylvania Utilities Code based on the allegedly unlawful actions by (1) RAWA in (a) terminating his municipal water services for non-payment and for refusing to allow it to change the water meter at his residence, (b) charging him for a compromised water meter, and (c) turning off and on the water to his residence and charging him fees for doing so, and (2) PMD for (a) placing condemnation notices on his property on those occasions when he lacked running water, and (b) issuing related non-traffic citations. *See generally* Compl., Doc. No. 3.

3.    Pursuant to 28 U.S.C. § 1915, the court reviewed the application to proceed *in forma pauperis* and screened the proposed complaint. By order dated July 6, 2016, the court, *inter alia*, (1) granted the application to proceed *in forma pauperis*, and (2) dismissed with prejudice (a) all claims against Judge Fudeman, (b) any purported claims under Title VII, and (c)

any causes of action for alleged violations of the United States Criminal Code, including 18 U.S.C. §§ 241, 242. Order, Doc. No. 2.

4.      PMD and RAWA separately filed answers and affirmative defenses to the complaint on September 7, 2016, and September 13, 2016, respectively. Doc. Nos. 7, 10.

5.      On October 5, 2016, the court held an initial pretrial conference with Martinez and counsel for the defendants. After the conference, the court entered a scheduling order. Doc. No. 14.

6.      On November 18, 2016, PMD filed a motion for judgment on the pleadings. Doc. No. 16.

7.      Martinez filed a response to the motion for judgment on the pleadings on December 5, 2016. Doc. No. 17.

8.      The court entered an order denying the motion for judgment on the pleadings without prejudice on February 2, 2017. Doc. No. 21.

9.      On February 16, 2017, RAWA and PMD separately filed motions for summary judgment. Doc. Nos. 22-24, 25-27.

10.     Martinez filed responses to the motions on March 9, 2017, and March 24, 2017. Doc. Nos. 28, 29.

11.     On April 12, 2017, the court entered an order (1) staying the remaining pre-trial deadlines pending the court's disposition of the motions for summary judgment, and (2) scheduling oral argument on the motions for summary judgment.

12.     The court heard oral argument on the motions on April 25, 2017. Doc. No. 47. Martinez and counsel for the defendants were present for the argument.

13.     The court separately filed a memorandum opinion and order on September 29, 2017, which (1) granted the motions for summary judgment, (2) entered judgment in favor of the defendants and against Martinez, and (3) closed the case.  Doc. Nos. 48, 49.

14.     Martinez filed a motion for preliminary injunctive relief on October 20, 2017.[1] Doc. No. 50.

15.     RAWA filed a response to the motion for preliminary injunctive relief on November 1, 2017.  Doc. No. 51.

16.     On November 3, 2017, the court entered an order denying the motion for preliminary injunctive relief.  Doc. No. 52.  In denying the motion, the court explained that, *inter alia*, the case concluded on September 29, 2017, when the court granted the defendants' motions for summary judgment and closed the case.  *See* Order at 1 & n.1, Doc. No. 52.

17.     Martinez claims that he did not learn about the court's orders until seeing RAWA's response to his motion for a preliminary injunction, which it filed on November 1, 2017.[2]  Reply and Aff. in Supp. of Mot. to Reopen Time to Appeal ("Martinez's Reply") at ¶¶ 3, 8, Doc. No. 60.

18.     Martinez contacted the clerk of court's office on November 5, 2017, and spoke to a clerk/employee there.  *Id.* at ¶ 4.  Martinez asserts that this clerk told him that there was an error in failing to mail him copies of the court's orders.  *Id.*

---

[1] In the motion, it appears that Martinez was seeking to have the court stop RAWA from collecting from a judgment entered against him in state court.  *See* Motion for Inj. Relief and Mem. of Law in Supp. of Mot. at 2-5, Doc. No. 50.  The underlying state court action formed part of the factual basis for Martinez's claims in this case.  *See generally* Compl.

[2] In both his affidavit and his testimony during the evidentiary hearing on January 9, 2018, Martinez asserted that he did not learn about the district court's orders until receiving RAWA's response to his motion for a preliminary injunction.  Although he groups the September 29, 2017 and November 3, 2017 orders in this statement, Martinez could have learned about only the September 29, 2017 order by this time because RAWA filed its response to the motion for a preliminary injunction on November 1, 2017, which was prior to the court's November 3, 2017 order.  Thus, RAWA could not have referenced a November 3, 2017 order that did not exist at the time it filed its response to the motion for a preliminary injunction.

19.	On November 9, 2017, Martinez received a voicemail message from a clerk's office supervisor, named "Nichole," who allegedly (1) acknowledged the error in failing to send him copies of the orders, (2) informed him that she was sending him copies of the court's September 29, 2017, and November 3, 2017 orders, and (3) told him to contact her if he had any questions. *Id.* at ¶¶ 5, 6.

20.	After receiving copies of the September 29, 2017 and November 3, 2017 orders on or about November 13, 2017, Martinez contacted "Nichole."[3] *Id.* at ¶ 7. During this conversation, Martinez asserts that "Nichole" informed him that the docket would reflect when the clerk's office mailed the orders to him and advised him that he should write to the court about the issue with failing to mail the orders after they were entered on the docket. *Id.*

21.	The docket entries on the Electronic Case Filing/Case Management ("ECF/CM") system do not reflect that the clerk's office mailed copies of either the September 29, 2017 order or the November 3, 2017 order to Martinez until doing so on November 9, 2017. *See* Docket Notations Accompanying Doc. Nos. 49, 52.

22.	There is no evidence that any employee of the clerk of court's office intentionally withheld mailing Martinez copies of the court's orders or intentionally acted in any other way to interfere with his right to file an appeal in this case.

23.	There is no direct evidence establishing that the clerk's office mailed Martinez copies of the court's September 29, 2017 memorandum opinion and order or the November 3, 2017 order until doing so on November 9, 2017.

---

[3] During the hearing on the motion, Martinez confirmed that he received copies of the September 29, 2017, and November 3, 2017 orders on or about November 13, 2017.

24.    Martinez confirmed that he received copies of the September 29, 2017, and November 3, 2017 orders on or about November 13, 2017.[4]

25.    Martinez filed a notice of appeal to the Third Circuit Court of Appeals on December 6, 2017.[5] Doc. No. 53.  In the notice of appeal, Martinez stated as follows:

> Notice is hereby given within the 30 days limit, that the plaintiff Gilbert M. Martinez proceeding as a right against the captioned defendants in the above-named case*[sic], hereby appeals to the United States Court of Appeals for the [T]hird Circuit from the final order entered on the 29th day of September 2017 denying plaintiffs injunction Relief and issuing summary judgment in favor of defendants, Reading Area Water Authority, City of Reading Property Maintenance Division and Hon [sic] Madelyn Fudeman.  This notice to Appeal is timely because the clerk of court failed to mail out the courts [sic] order until November 9[,] 2017, therefore tolling the statute of limitation requirement.

Notice to Appeal at 1 (alterations to original), Doc. No. 53.

26.    On December 12, 2017, the clerk of court for the Third Circuit filed a letter notice advising Martinez that the court was submitting his appeal to a panel for "possible dismissal due to a jurisdictional defect."  *See* December 12, 2017 Ltr., *Martinez v. Fudeman*, No. 17-3661 (3d Cir.).  The letter informed Martinez that it appeared that he failed to timely file his notice of appeal from the court's September 29, 2017 and November 3, 2017 orders.  *Id.*  In addition, the letter advised Martinez as follows:

> In the case of an untimely notice of appeal in civil cases, the District Court has discretion to permit an extension of time to file the notice of appeal: (1) where a motion requesting such relief is filed not later than 30 days after the normal appeal period; and (2) where good cause or excusable neglect is shown. See Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(5), attached.
>
> The District Court may reopen the time for appeal when a party entitled to notice of entry of a judgment or order did not receive such notice from the court or any

---

[4] Martinez indicated as such during the court's hearing on the motion to reopen which, to date, has not been transcribed.

[5] Martinez appears to have dated the notice for November 29, 2017.  *See* Notice to Appeal at 1.  The appeal was docketed at Case Number 17-3661 with the Third Circuit.

     Interestingly, both Martinez and the Third Circuit have treated this notice as an appeal from the court's September 29, 2017 and November 3, 2017 orders even though it only expressly mentions the September 29, 2017 order.  *See id.* at 1.  It also uses singular tense of the word order.  *See id.*

party within 21 days of its entry: (1) upon motion filed within 180 days of entry of the judgment or order or within 14 days of receipt of such notice, whichever is earlier; and (2) upon finding that no party would be prejudiced. See Federal Rule of Appellate Procedure 4(a)(6), attached.

Jurisdictional defects cannot be remedied by the court of appeals. The parties may submit written argument in support of or opposition to dismissal for lack of appellate jurisdiction. Any response regarding jurisdiction must be in proper form (original with certificate of service), and must be filed within 21 days from the date of this letter. Upon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question.

*Id.*

27.     On December 13, 2017, PMD filed a motion to quash the appeal with the Third Circuit. *See* Motion of Def./Appellee, City of Reading Prop. Maint. Div. to Quash Pl.'s Untimely Notice of Appeal, *Martinez v. Fudeman*, No. 17-3661 (3d Cir.).[6]

28.     On December 18, 2017, RAWA filed a motion to quash the appeal with the Third Circuit. *See* Defendant/Appellee Reading Area Water Auth.'s Mot. to Quash Pl.'s Untimely Notice of Appeal, *Martinez v. Fudeman*, No. 17-3661 (3d Cir.).

29.     In its motion to quash, RAWA included the following information:

Counsel for RAWA contacted the clerk's office at the United States District Court for the Eastern District of Pennsylvania to determine if the court's Memorandum Opinion/Order Granting Defendants' Motions for Summary Judgment, which were entered on September 29, 2017, were in fact mailed to Mr. Martinez at that time. Nicole Durso [sic], Case Processing Supervisor for the United States District Court for the Eastern District of Pennsylvania, provided counsel with the clerk's office copy of the court's Memorandum Opinion and Order, both dated September 29, 2017. The last page of both of these documents has the following handwritten notation:

09/29/2017
Copies E Mailed
&
Mailed to G. Martinez

---

[6] PMD attached a copy of this document as an exhibit to its response in opposition to the motion to reopen. *See* Response of Def., City of Reading Prop. Maintenance Div., in Opp. to Pl.'s Mot. to Reopen the Time to Appeal Pursuant to Fed. R. App. P. 4(a)(6) at Ex. B, Doc. No. 57.

Copies of the first and last page of the Memorandum Opinion (which was 56 pages long) and of the Order are attached hereto as Exhibit A. These notations strongly suggest that the clerk of court did not fail to mail out the Opinion/order until November 9, 2017.

*Id.* at 1-2.[7]

30.     On December 18, 2017, Martinez filed a "Motion to Reopen the Time to Appeal Pursuant to Rule 4(A)(6) & Memorandum of Law in Support."  Doc. No. 56.

31.     PMD and RAWA separately filed responses to the motion to reopen on December 19, 2017, and December 20, 2017, respectively.  Doc. Nos. 57, 58.

32.     On December 21, 2017, the court entered an order scheduling an evidentiary hearing and oral argument on the motion to reopen for January 9, 2018.  Doc. No. 59.

33.     Martinez filed a "Reply and Affidavit in Support of Motion to Reopen Time to Appeal" on December 29, 2017.  Doc. No. 60.

34.     The court held a hearing and oral argument on the motion to reopen on January 9, 2018.  Doc. No. 62.  Martinez and counsel for the defendants were present for the hearing.

35.     During the hearing, Martinez attempted to introduce into evidence a USB flash drive containing purported telephone conversations with employees of the clerk of court's

---

[7] As pointed out by RAWA, this handwritten notation is contained on the last pages of the non-electronic-signed copies of the court's September 29, 2017 memorandum opinion and order.  Martinez contests that such a notation exists because the copies the clerk's office provided to him did not contain the notation. *See* Martinez's Reply at ¶ 9 ("It appears that counsel is being deceptive and fraudulent because the orders mailed to me did not have the same writing in the corner of the page as he is directing the courts attention to.").  Although, as explained in more detail below, the resolution of this issue is unnecessary for purposes of resolving the motion to reopen, the reason for the discrepancy with the copies is easily explained.  Pursuant to this court's operating procedures, every opinion or order is signed by the judge authoring the opinion or order.  The clerk of court retains these original documents in the file room in Philadelphia.  For many orders and other judicial documents, judges will then use an electronic signature for the documents uploaded and docketed on the ECF/CM system.

In this case, the undersigned physically signed both the September 29, 2017 memorandum opinion and order and used an electronic signature for the copies that were uploaded onto the ECF/CM system.  When the clerk of court's office mailed copies of the September 29, 2017 opinion and order to Martinez, it very likely printed and sent him copies of the documents as they are stored on the ECF/CM system, which are identical documents except for the court's signature and, apparently, the aforementioned notations.  At bottom, there is nothing nefarious about how notations appeared on the original copies or how Martinez could have received copies lacking the notations, and defense counsel were not being deceptive or fraudulent by referencing the notations.  Instead, they were merely pointing out circumstantial evidence that could lead to a determination that the clerk's office actually sent copies of the documents to Martinez.

office.[8]  Martinez argued that this evidence would support his contention that the clerk's office failed to mail him copies of the September 29, 2017 and November 3, 2017 orders until November 9, 2017.  Martinez admitted that he recorded these conversations with these employees without the employees knowing that Martinez was recording them or consenting to Martinez recording their conversations with him.  Martinez believes that recording these conversations did not violate any wiretap laws.

36.     At the conclusion of the evidentiary hearing, the court provided the parties with an additional seven-day period to submit any other materials in support of their respective positions.

37.     PWD filed a sur-reply in support of its opposition to the motion to reopen on January 10, 2018.  Doc. No. 61.

38.     Martinez filed a "Motion Pursuant to Fed.C.P.R. [sic] 60B(1)(3)(4)(6) [sic] and Sur-Reply to Motion Pursuant to Fed.C.Appeal R. [sic] 4(6)(A) [sic] for Time to Reopen Appeal with Memorandum of Law in Support" on January 16, 2018.[9]  Doc. No. 63.

39.     RAWA filed a response to this motion on January 29, 2018.  Doc. No. 65.

40.     Martinez filed a "Reply to Defendants response brief opposing Plaintiff's 60(b) Motion and Request for time to reopen Appeal" on February 8, 2018.  Doc. No. 66.[10]

---

[8] The flash drive contained four files: three of the files were telephone conversations between Martinez and employees of the clerk of court, and one of the files was the recording of a voicemail message left by one of the employees.

[9] The court will address Martinez's Rule 60(b) motion in a separate order.  The court has referenced it here only because the court provided the parties with leave to provide additional information or arguments in support of their respective positions and Martinez included his assertions and arguments with an accompanying Rule 60(b) motion.

[10] Concerning the motion to reopen, Martinez takes issue with defense counsel's assertion that he became aware of the court's summary judgment order on November 1, 2017, when in fact he did not receive RAWA's response in opposition to his motion for a preliminary injunction until on or about November 6, 2017.  *See* Reply to Defs.' Resp. Br. Opposing Pl.'s 60(b) Mot. and Request for Time to Reopen Appeal at 1.  He also again asserts that he timely filed the notice of appeal.  *Id.* at 2.

## II.     DISCUSSION

### A.     <u>Motion to Reopen</u>

In the Motion to Reopen, Martinez generally argues that he can show good cause for this court to reopen the time for him to file a notice of appeal from the September 29, 2017 and November 3, 2017 orders because the "district [c]lerk of court intentionally failed to mail out the courts [sic] orders to me within the 21 days prescribed by Federal Rule of Civil Procedure Rule 77(d)." Mot. to Reopen the Time to Appeal Pursuant to Rule 4(A)6 & Mem. of Law in Supp. at 1.  As discussed in more detail below, the court will (1) deny the motion to reopen with respect to the September 29, 2017 order because Martinez has failed to satisfy the requirements to reopen the time to file a notice of appeal, and (2) deny the motion to reopen with respect to the November 3, 2017 order because the time for him to file an appeal from that order has not yet expired.

### 1.     Applicable Law

#### a.     <u>Time for Filing a Notice of Appeal</u>

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  A judgment or order is entered under Rule 4(a):

> **(i)** if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or

> **(ii)** if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79A) and when the earlier of these events occurs:

- the judgment or order is set forth on a separate document, or
- 150 days have run from the entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

Fed. R. App. P. (a)(7)(A).  The "[l]ack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)."  Fed. R. Civ. P. 77(d)(2).

<b>b.</b> <u>Motion for Extension of Time to Appeal</u>

"Pursuant to Federal Rule of Appellate Procedure 4, '[d]istrict courts have limited authority to grant an extension of the 30-day time period.'" *Santiago v. N.Y. & N.J. Port Auth.*, 687 F. App'x 146, 149 (3d Cir. 2017) (per curiam) (quoting *Bowles*, 551 U.S. at 208).  Under Rule 4(a)(5)(A), the court

> may extend the time to file a notice of appeal if: **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

The excusable neglect and good cause standards apply in different situations.  "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Fed. R. App. P. 4(a)(5), advisory committee's note to 2002 amendment.  To determine excusable neglect, the court must consider four factors:  "'(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith . . . .'" *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322 (3d Cir. 2012) (quoting *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  As for "good cause," this "standard applies in situations in which there is no fault—

excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Fed. R. App. P. 4(a)(5), advisory committee's note to 2002 amendment.

c.        Motion to Reopen the Time to File an Appeal

If a party fails to receive notice of the entry of judgment and the time for filing an appeal runs out, the party may move to have the district court reopen the time to file an appeal.  In this regard, Federal Rule of Appellate Procedure 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[11]  A party seeking to have the court reopen the time must satisfy each condition in subparts (A) through (C).  *See Baker v. United States*, 670 F.3d 448, 454 (3d Cir. 2012) (explaining that "[i]f all of the[] conditions [set forth in Rule 4(a)(6)(A)-(C)] are met, the district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered" (alterations to original)); *see also In re Chavannes*, 658 F.

---

[11] Rule 77(d) of the Federal Rules of Civil Procedure provides for service of orders or judgments as follows: "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear.  The clerk must record the service on the docket.  A party also may serve notice of the entry as provided in Rule 5(b)."  Fed. R. Civ. P. 77(d).  The court notes that defense counsel acknowledged during the January 9, 2018 hearing that the defendants did not serve either the September 29, 2017 memorandum opinion and order or the November 3, 2018 order upon Martinez as provided in Rule 5(b) of the Federal Rules of Civil Procedure.

App'x 65, 67 (3d Cir. 2016) (per curiam) ("Under Federal Rule of Appellate Procedure 4(a)(6), courts allow reopening of the time to file an appeal if three conditions are satisfied[.]").

## 2.    Analysis

### a.    The September 29, 2017 Memorandum Opinion and Order

Preliminarily, since the court filed a separate order and memorandum opinion on September 29, 2017, which resolved the motions for summary judgment and entered judgment in favor of the defendants, the documents were "entered" on the docket pursuant to Rule 79(a) of the Rules of Civil Procedure on September 29, 2017. Under Appellate Rule 4(a)(1)(A), Martinez technically had until October 30, 2017, to file a notice of appeal from those orders.[12] As Martinez did not file his appeal until December 6, 2017, his notice of appeal is facially untimely.[13]

---

[12] The 30th day, October 29, 2017, fell on a Sunday. Under Rule 6(a)(1)(C), Martinez had one additional day to timely file the notice of appeal. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

[13] Martinez appears to argue that he "filed" the notice of appeal because he mailed it to the clerk of court on November 29, 2017. *See* Motion to Reopen the Time to Appeal Pursuant to Rule 4(A)(6) & Mem. of Law in Supp. at 1 ("I set forth my notice to appeal on November 29, 2017."). He is incorrect.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by *filing* a notice of appeal with the district court within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1) (emphasis added). And as indicated above, "the notice of appeal required by Rule 3 must be *filed* with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Since a party must file the notice of appeal with the district court, determining whether the notice is filed would seemingly require compliance with Rule 5(d)(2) of the Federal Rules of Civil Procedure, which provides for how filings are generally made. Under Rule 5(d)(2), a paper is deemed "filed" by "*delivering* it: **(A)** to the clerk; or **(B)** to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 5(d)(2) (first emphasis added). Thus, "[w]hen papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them." *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995); *see Vogelsang v. Patterson Dental Co.*, 904 F.2d 427, 430 (8th Cir. 1990) ("[E]xcept as to *pro se* prisoners under *Houston v. Lack*, we hold that a notice of appeal is filed under Rule 4(a)(1) when it is received by the clerk of the district court."); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (per curiam) (explaining that a notice of appeal "is 'filed' within the meaning of Rule 4(a)(1) upon receipt by the district court clerk, not at the time of mailing"); *Haney v. Mizell Mem. Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) ("While it is equally clear that actual receipt of the notice of appeal by the district court within the Rule 4 period, even though not formally filed within that period, suffices to confer appellate jurisdiction, simply depositing the notice in the mail is not the same as filing it." (citation and internal citations omitted)); *Kareem v. F.D.I.C.*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (referencing Rule 5(d)(2)(A) and explaining that "when a non-prisoner plaintiff mails a motion to the Court, the filing date is the date on which the motion was received, not the date on which the motion was sent"); *see also Wiss v. Weinberger*, 415 F. Supp. 293, 294 n. 3 (E.D. Pa. 1976) (explaining that "[i]n contrast to service by mail, which Fed.R.Civ.P. 5(b) states is complete upon mailing,

Although Martinez does not expressly seek this relief, he may not apply for an extension of time to file a notice of appeal under Appellate Rule 4(a)(5) because he did not file the instant motion within 30 days after the expiration of the time to appeal (which would have been November 29, 2017). Thus, his only possible avenue for relief is if the court reopens the period for him to file an appeal under Rule 4(a)(6).

As indicated above, to satisfy his burden to have the court reopen the time for him to appeal, Martinez must show: (1) he failed to receive notice under Federal Rule of Civil Procedure 77(d) of the September 29, 2017 order within 21 days after its entry; (2) he filed the motion to reopen within 180 days after the judgment or order is entered *or* within 14 days after he received notice under Federal Rule of Civil Procedure 77(d) of the entry of the order, *whichever is earlier*; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

With regard to the first requirement, the court cannot unequivocally determine that the clerk of court sent Martinez copies of the September 29, 2017 memorandum opinion and order prior to doing so on November 9, 2017.[14] Unfortunately, although the documents have the

___

filing by mail is not complete until the complaint is delivered to an officer of the court who is authorized to receive it" (internal quotation marks and citation omitted)). Even if the Federal Rules of Appellate Procedure applied to determine when Martinez "filed" the notice of appeal, the result would be the same. *See* Fed. R. App. P. 25(a)(2)(A) ("Filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk **receives** the papers within the time fixed for filing." (emphasis added)).

   Martinez has not identified any rule, statute, or case which would provide that he "filed" his notice of appeal when he purportedly mailed it to the clerk of court on November 29, 2017. There is, of course, the **prisoner** mailbox rule, which provides an exception to this general rule insofar as a *pro se* **prisoner's** papers will be deemed to be filed when the **prisoner** delivers the papers to prison officials for forwarding to the clerk of court. *See Houston v. Lack*, 487 U.S. 266 (1988) (concluding that a *pro se* prisoner's paper is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"). The rationale for the prisoner mailbox rule, "that imprisoned pro se litigants can neither deliver their pleadings to the court clerk themselves nor monitor the progress of their papers through the mails as other litigants," 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1153 (4th ed.), does not apply to non-prisoners such as Martinez. At bottom, Martinez's notice of appeal was "filed" when the clerk of court received it and not when Martinez purportedly placed it into the mail for its eventual delivery to the clerk of court.

[14] Even though the court cannot conclusively determine what happened with service of the opinion and order prior to November 9, 2017, the court can conclusively state that although Martinez argues that the clerk of court "intentionally" failed to mail him copies of the September 29, 2017 and November 3, 2017 orders, he has introduced no evidence to support this bold allegation of misconduct. Instead, it appears that the clerk's office's failure to serve

notations on the last pages seemingly indicating that the clerk's office mailed them to Martinez on the same date as their entry, there is no direct evidence that they were actually sent to him after their docketing and no such entry was ever made on the ECF/CM system (at least, not until November 9, 2017). Martinez vehemently disputes having received the documents until on or about November 13, 2017.

Despite this issue with determining precisely what happened with the September 29, 2017 memorandum opinion and order, even if the court were to determine that Martinez satisfies the first requirement of Rule 4(a)(6) because he did not receive notice under Federal Rule of Civil Procedure 77(d)(1) of the entry of the September 29, 2017 memorandum opinion and order within 21 days of their entry (namely, by October 20, 2017), he would not be entitled to have the court reopen the time to file an appeal from the September 29, 2017 order because he cannot satisfy Rule 4(a)(6)(B)'s second requirement. In this regard, Martinez admits that he received his copies of the court's orders on or about November 13, 2017, via the mail.

Per Rule 4(a)(6)(B), Martinez had to file the instant motion no later than 14 days after receiving notice of the sought-to-be appealed order because once he received a copy of the order, it triggered the earlier of the two time periods set forth in subsection (B). Therefore, Martinez had 14 days (or until November 27, 2017) to file the instant motion to reopen. He did not file it until December 18, 2017, which was 21 days too late.[15]

---

copies of these orders on Martinez was simply a mistake, which the office attempted to promptly rectify after receiving notice of the issue.

[15] Martinez's filing of a notice of appeal (and not a motion to reopen) seemingly would not constitute a motion to reopen requiring the court to use December 6, 2017, as the date of the filing of the motion. *See Poole v. Family Ct. of New Castle Cty.*, 368 F.3d 263, 268 (3d Cir. 2004) ("We . . . hold that Appellate Rule 4(a)(6) requires a motion to reopen. While no particular form of words is necessary to render a filing a motion, a simple notice of appeal does not suffice." (citations and internal quotation marks omitted)). Even if the court were to treat the notice of appeal as a motion to reopen, Martinez still cannot satisfy the second requirement of Rule 4(a)(6) because he filed the notice nine days after the 14-day period expired.

At bottom, Martinez's failure to file the instant motion within 14 days after receiving notice of the September 29, 2017 order and opinion on or about November 13, 2017, is fatal to his motion and the court need not address the third condition, *i.e.* whether the defendants would be prejudiced by the court reopening the time to file an appeal.[16]

b.    The November 3, 2017 Order

Although Martinez does not attempt to particularize his arguments with respect to the September 29, 2017, and November 3, 2017 order, the latter order presents a significantly different scenario for Martinez in his attempt to appeal from this decision.  In the first instance, it appears highly likely that Martinez timely filed his notice of appeal from this order.

More specifically, Rule 54(a) of the Federal Rules of Civil Procedure provides that a "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).  The courts of appeals have jurisdiction under 28 U.S.C. § 1292(a)(1), which grants appellate jurisdiction over '[i]nterlocutory orders of the district courts … granting, continuing, modifying, refusing, or dissolving injunctions.'" *B.H. ex rel. Hawk v. Easton Area Sch. Dist.*, 725 F.3d 293, 301 (3d Cir. 2013) (quoting *Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 307 F.3d 243, 252 n.10 (3d Cir. 2002)).  Thus, it would appear that the Third Circuit Court of Appeals would have jurisdiction over the court's order denying Martinez's request for injunctive relief and, as such, the order would qualify as a "judgment" under Rule 54.[17]

Per Rule 58(a) of the Rules of Civil Procedure, the court has to enter a judgment in a separate document, except for orders disposing of motions "**(1)** for judgment under Rule 50(b); **(2)** to amend or make additional findings under Rule 52(b); **(3)** for attorney's fees under Rule 54;

---

[16] The court notes that neither defendant has argued that reopening the time would prejudice it, and it seems incredibly unlikely that the defendants could establish any prejudice.

[17] It is unclear whether Martinez's filing of the motion after the conclusion of the case would affect appellate jurisdiction over the order.

**(4)** for a new trial, or to alter or amend the judgment, under Rule 59; or **(5)** for relief under Rule 60." To be considered as a separate document, the order must omit any reasoning. *See Witasick v. Minn. Mut. Life Ins. Co.*, 803 F.3d 184, 187 (3d Cir. 2015) (concluding that order must omit reasoning to be considered separate document under Rule 58(a)); *see also In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006) (explaining that the court will treat an order as a separate document if it meets three criteria: (1) the order must be self-contained and separate from the opinion; (2) the order must note the relief granted; and (3) the order must omit, or at least substantially omit, district court's reasons for disposing of the parties' claims). "[I]f a certain order is subject to the separate-document requirement of Federal Rule of Civil Procedure 58 and no separate document exists, an appellant has 180 days to file a notice of appeal—150 for the judgment to be considered 'entered,' plus the usual 30 days from the entry of judgment." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 223 (3d Cir. 2007).

Here, when the court denied Martinez's motion for a preliminary injunction, the court did so via an order and footnote stating the reasons for the decision. *See* Order, Doc. No. 52. If the court had to enter separate documents in resolving the motion for a preliminary injunction, Martinez would have had 180 days after the entry of the order on November 3, 2017, to file a notice of appeal. Since Martinez filed his notice of appeal on December 6, 2017, he filed it well within the 180-day period.[18]

---

[18] Even if the court were to determine that separate documents were not required under Rule 58, the court would still find that Martinez is entitled to additional time to file a notice of appeal. In this regard, unlike the September 29, 2017 memorandum opinion and order, it does not appear that there is a dispute that Martinez did not receive a copy of the November 3, 2017 order until November 13, 2017.

    The 30-day period for Martinez to file a notice of appeal from the November 3, 2017 order did not expire until December 4, 2017.[18] Martinez cannot seek to reopen the time to file an appeal from this order because he cannot satisfy the first requirement insofar as he admits that he received notice from the clerk's office of the entry of the order on November 13, 2017, which was within 21 days after its entry on November 3, 2017. Therefore, his only ground for relief is if the court extends the time for him to appeal under Appellate Rule 4(a)(5).

    Because Martinez is proceeding *pro se*, the court will interpret the instant motion as a motion seeking an extension of time to file a notice of appeal from the November 3, 2017 order. In doing so, Martinez has timely filed

### B.    <u>Martinez's Recordings of Conversations with Clerk's Office Employees</u>

Although not an issue necessary for the court's resolution of the motion to reopen, the court is compelled to address a concerning revelation Martinez made during the evidentiary hearing. More specifically, Martinez indicated that he had recorded his telephone conversations with employees of the clerk's office without their consent.[19] Martinez stated that he recorded the conversations in part so he had proof in support of his claims that the clerk's office did not send him copies of the September 29, 2017, and November 3, 2017 orders until doing so on November 9, 2017. He believed that recording the conversations was legal and not in violation of the "Wiretap Act," and he otherwise had a right to record the conversations. In fact, in his sur reply, Martinez argues that the court erred in not allowing him to play his recordings during the hearing.[20] *See* Mot. Pursuant Fed.R.P.R. 60B(1)(3)(4)(6) and Sur-Reply to Mot. Pursuant to

---

the motion insofar as he filed it within 30 days after the time for him to file an appeal expired. As for excusable neglect or good cause, the court does not find that any delay caused by the clerk's office not promptly sending him a copy of the November 3, 2017 order shows good cause because he still had 21 days after receiving the order to file a timely notice of appeal. In other words, the mistake by the clerk's office did not prevent Martinez from filing an appeal. In fact, Martinez claims to have had the notice of appeal prepared and placed in the mail by November 29, 2017, which was well within the time to appeal. Unfortunately, rather than transporting it himself or finding transportation to the clerk of court to deliver the notice, he chose to mail it instead.

      Even though the court does not find good cause, the court does find that Martinez has established excusable neglect. Concerning the four relevant factors: (1) there appears to be no or very little prejudice to the defendants; (2) the length of the delay is minimal (two days if the court goes by the date of the notice of appeal, and 14 days if the court uses the motion to reopen); (3) the reason for the delay appears to be Martinez's mistaken belief that he could effect filing his notice of appeal by using the mailing date rather than the date of receipt and that he had 30 days from the time he received the orders to file a notice of appeal; and (4) Martinez appears to have acted in good faith, at least insofar as proceeding with an appeal. Although the court finds that Martinez's reason for delay, *i.e.* his purported belief that the document would be deemed filed as of the mailing date, is somewhat tenuous, the fact that Martinez is proceeding *pro se* persuades the court that he has established excusable neglect. *Cf. Baker v. Raulie*, 879 F.2d 1396, 1399 (concluding that **counsel** did not show excusable neglect where (1) counsel prepared the notice of appeal and mailed it within the 30-day period for filing an appeal, but it did not arrive until after the period had expired, and (2) counsel could not explain why counsel did not file the appeal sooner and being in a trial was not a "unique and extraordinary" circumstance).

[19] The court reviewed the recordings and, as indicated above, one of the "conversations" was a voicemail message purportedly left with Martinez's voicemail. For purposes of this opinion, the court does not address the voicemail message.

[20] The court deferred ruling on the admissibility of the conversations and obtained the USB drive containing the conversations from Martinez. The court finds that the recorded conversations are hearsay insofar as Martinez is attempting to introduce statements by clerk's office employees to prove the truth of the matters asserted in the statements, namely that the clerk's office did not mail him the September 29, 2017, and November 3, 2017 orders

18

Fed.C.Appeal R. 4(6)(A) for Time to Reopen Appeal with Mem. of Law in Supp. at 3-4, Doc. No. 63. He references the Federal Wiretap Act, 18 U.S.C. § 2511(d)(2), which does not make it unlawful to intercept an oral or electronic communication if the intercepting party is a party to the communication. *See* Doc. No. 63 at 4.

Unfortunately for Martinez, while his interpretation of the Federal Wiretap Act is accurate insofar as he correctly notes that as a participant to the conversation, he can consent to the recording without obtaining the consent of the other person on the call, he completely ignores Pennsylvania's Wiretap Act, 18 Pa. C.S. § 5703. This section provides that a person is guilty of a third-degree felony if the person:

(1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication;

(2) intentionally discloses or endeavors to disclose to any other person the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; or

(3) intentionally uses or endeavors to use the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of a wire, electronic or oral communication.

18 Pa. C.S. § 5703. Unlike the federal Wiretap Act, Pennsylvania is a "two-party consent" state, meaning "consent to any form of interception must be obtained from *all* parties." *Barasch v. Bell Telephone Co. of Pa.*, 605 A.2d 1198, 1203 (Pa. 1992) (emphasis in original).

---

until November 9, 2017. *See* Fed. R. Evid. 801(c) (defining hearsay). None of the exceptions to the rule excluding hearsay, *see* Fed. R. Evid. 803, apply here.

Nonetheless, as indicated earlier in this opinion, the court has presumed that Martinez did not receive notice of the orders until on or about November 13, 2017. As such, the evidence contained in the conversations is irrelevant.

The court also notes that despite Martinez's malicious allegations of intentional misconduct against the clerk's office employees, the recorded conversations evidence nothing but professional and helpful conduct in attempting to assist Martinez with the issue about service of the orders.

In addition,

> [t]he Wiretap Act defines "intercept" as "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. C.S. § 5702. "Oral communication" is defined in relevant part as "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." *Id.*

*Commonwealth v. Cline*, No. 641 EDA 2017, -- A.3d --, 2017 WL 6628719, at *2 (Pa. Super. Dec. 29, 2017). Further, in prosecuting violations of Pennsylvania's Wiretap Act, the government is "required to prove [the defendant] knowingly or intelligently committed the acts proscribed under the statute; it [is] not required to prove [the defendant] knew the law proscribed such acts, as a defendant's knowledge of the law is not an element of the offense." *Id.* at *3.

Here, Martinez admits to recording his conversations with clerk's office employees without first obtaining their consent. Also, as indicated above, to the extent that Martinez would have the court consider portions of the conversations as proof that the clerk's office did not send him copies of the orders until November 9, 2017, this evidence constitutes inadmissible hearsay in this case and the court will not consider them in resolving the motions.[21] In addition, this court is prohibiting Martinez from continuing his unlawful practice of recording conversations with clerk's office employees without first obtaining their consent.[22]

## III. CONCLUSION

It is unfortunate insofar as it appears probable that Martinez did not receive copies of the court's orders until on or about November 13, 2017. Nonetheless, Martinez fails to satisfy the requirements of Appellate Rule 4(a)(6) to justify the court reopening the time for him to file an

---

[21] Even if the court admitted the conversations, they would not alter the outcome of the case because whether Martinez received copies of the orders prior to the clerk's office mailing them on November 9, 2017, is immaterial. The court also notes that despite Martinez's malicious allegations of intentional misconduct against the clerk's office employees, the recorded conversations evidence nothing but professional and helpful conduct in attempting to assist Martinez with the issue with service of the orders.

[22] This prohibition also benefits Martinez as he will not be violating Pennsylvania law.

appeal from the September 29, 2017 order because he did not file the motion to reopen until well beyond 14 days after receiving notice of the order. While Martinez attempts to place the blame with the clerk's office, he had an opportunity to obtain relief but failed to timely act. As for the November 3, 2017 order, it appears that the time for Martinez to file an appeal from that order has not yet expired, so the court need not grant him an extension of time to respond.

Furthermore, the court cannot countenance Martinez surreptitiously recording his conversations with clerk's office employees. While Martinez appears to believe that employees in the clerk's office are attempting to impede his rights in this litigation or are otherwise providing conflicting information about the service of the orders, there is absolutely no evidence of any intentional wrongdoing by any employee. Instead, upon receiving notice of a possible issue, the employees acted promptly to remedy the issue. Regardless, it is unlawful for Martinez to record his conversations with them without their consent. As such, the court will preclude him from doing so without first obtaining consent from the employee who is speaking with him on the phone.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.